B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>Southern District of New York | **VOLUNTARY PETITION** |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>International Foreign Exchange Concepts, L.P. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>26-3807734 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>3 Park Avenue, 30th Floor<br>New York, New York 10016                ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>New York County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>Same as above                ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):                ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☑ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box.)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box.)
- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☑ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☑ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☑ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13)     Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): International Foreign Exchange Concepts, L.P. |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: International Foreign Exchange Concepts Holdings, Inc | Case Number: | Date Filed: |
| District: Southern District of New York | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)  (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                                                                                    Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>International Foreign Exchange Concepts, L.P. |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Debtor<br><br>X _____<br>    Signature of Joint Debtor<br><br>    Telephone Number (if not represented by attorney)<br><br>    Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>    (Signature of Foreign Representative)<br><br>    (Printed Name of Foreign Representative)<br><br>    Date |
| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| X */s/ H.P. Baer*<br>    Signature of Attorney for Debtor(s)<br>    Henry P. Baer, Jr.<br>    Printed Name of Attorney for Debtor(s)<br>    Finn Dixon & Herling LLP<br>    Firm Name<br>    177 Broad Street<br>    Stamford, CT 06901<br>    Address<br>    203-325-5000<br>    Telephone Number<br>    10/17/13<br>    Date<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>    Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>    Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)** |   |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X *[signature]*<br>    Signature of Authorized Individual<br>    Robert Savage<br>    Printed Name of Authorized Individual<br>    Chief Operating Officer<br>    Title of Authorized Individual<br>    10/12/13<br>    Date | Address<br><br>X _____<br>    Signature<br><br>    Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

Henry P. Baer, Jr.
Tony Miodonka
**FINN DIXON & HERLING LLP**
177 Broad Street
Stamford, Connecticut 06901
Telephone: (203) 325-5000
Facsimile: (203) 325-5001
*Proposed Counsel to Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| In re: | |
|---|---|
| INTERNATIONAL FOREIGN EXCHANGE CONCEPTS, L.P. | Chapter 11 |
| Debtor. | Case No. 13-_____ (___) |

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. This list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this Chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. §101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. None of these creditors are minor children.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of Claim (trade debt, bank loan, government contract, etc.) | Indicate if claim if contingent, unliquidated, disputed or subject to setoff | Amount of claim[if secured, also state value of security] |
|---|---|---|---|---|
| Asset Management Finance LLC c/o Schulte Roth Zabel LLP 919 Third Avenue New York, New York 10022 | Asset Management Finance LLC c/o Michael L. Cook, Esq. Schulte Roth Zabel LLP 919 Third Avenue New York, New York 10022 | Unsecured note | Potentially disputed and/or subject to setoff | Approximately $34,000,000 |
| Charles Pehlivanian 175 East Broadway #4D New York NY 10002 | Charles Pehlivanian 175 East Broadway #4D New York NY 10002 | Bonus owed | | $100,000.00 |
| Withers Bergman LLP P.O. Box 1685 New Haven, CT 06507 | Withers Bergman LLP P.O. Box 1685 New Haven, CT 06507 | Professional fees | | $93,856.30 |
| 3 Park Avenue Building Co LLP P.O. Box 9409 Uniondale, NY 11555 | 3 Park Avenue Building Co LLP P.O. Box 9409 Uniondale, NY 11555 | Trade Debt | | $84,193.60 |
| Willkie Farr & Gallagher LLP 787 Seventh Avenue New York, NY 10019 | Willkie Farr & Gallagher LLP 787 Seventh Avenue New York, NY 10019 | Professional fees | | $81,095.46 |

{01725719; 2; 3440-2 }

| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of Claim (trade debt, bank loan, government contract, etc.) | Indicate if claim if contingent, unliquidated, disputed or subject to setoff | Amount of claim[if secured, also state value of security] |
|---|---|---|---|---|
| Kinetic Partners<br>675 Third Avenue<br>10th Floor<br>New York, NY 10017 | Kinetic Partners<br>675 Third Avenue<br>10th Floor<br>New York, NY 10017 | Trade debt | Potentially disputed | $70,000.00 |
| Bloomberg, L.P.<br>P.O. Box 30244<br>Hartford, CT 06150 | Bloomberg, L.P.<br>Attn: Rachell Merdinder<br>P.O. Box 30244<br>Hartford, CT 06150 | Trade debt | Potentially disputed | $42,955.61 |
| Smith Hanley Associates LLC<br>107 John Street<br>Suite 220<br>Southport, CT 06890 | Smith Hanley Associates LLC<br>107 John Street<br>Suite 220<br>Southport, CT 06890 | Trade debt | | $25,000.00 |
| Microsoft Licensing, GP<br>1950 N. Stemmon Fwy<br>Suite 5010 LB #842467<br>Dakka, TX 75207 | Microsoft Licensing, GP<br>1950 N. Stemmon Fwy<br>Suite 5010 LB #842467<br>Dallas, TX 75207 | Trade debt | | $20,432.09 |
| Reliant Technology<br>1371 Southland Circle NW<br>Atlanta, GA | Reliant Technology<br>1371 Southland Circle NW<br>Atlanta, GA | Trade debt | | $15,177.00 |
| American Express<br>P.O. Box 2855<br>New York, NY 10116 | American Express<br>P.O. Box 2855<br>New York, NY 10116 | Trade debt | | $12,070.64 |
| Cohen Brothers Realty Corporation<br>750 Lexington Drive<br>New York, NY 10022 | Cohen Brothers Realty Corporation<br>750 Lexington Drive<br>New York, NY 10022 | Trade debt | | $11,008.17 |
| CQG, Inc.<br>1050 17th Street<br>Suite 2000<br>Chicago, IL 60693 | CQG, Inc.<br>1050 17th Street<br>Suite 2000<br>Chicago, IL 60693 | Trade debt | | $6,248.34 |

{01725719; 2; 3440-2 }

| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of Claim (trade debt, bank loan, government contract, etc.) | Indicate if claim if contingent, unliquidated, disputed or subject to setoff | Amount of claim[if secured, also state value of security] |
|---|---|---|---|---|
| Tribridge<br>Brier Hill Court<br>East Brunswik, NJ 08816 | Tribridge<br>Brier Hill Court<br>East Brunswik, NJ 08816 | Trade debt | | $5,351.90 |
| Carr Business Systems<br>130 Spagnoli Road<br>Melville, NY 11747 | Carr Business Systems<br>130 Spagnoli Road<br>Melville, NY 11747 | Trade debt | | $5,225.92 |
| Jennifer Kim<br>428 E. Ridgewood Avenue<br>Paramus, NJ 07652 | Jennifer Kim<br>428 E. Ridgewood Avenue<br>Paramus, NJ 07652 | Insurance payments | | $4,914.42 |
| Paetec Communications, Inc.<br>P.O. Box 1283<br>Buffalo, NY 14240 | Paetec Communications, Inc.<br>P.O. Box 1283<br>Buffalo, NY 14240 | Trade debt | | $4,656.18 |
| CDW Direct, LLC<br>P.O. Box 75723<br>Chicago, IL 60675 | CDW Direct, LLC<br>P.O. Box 75723<br>Chicago, IL 60675 | Trade debt | | $4,465.44 |
| Benjamin Adler<br>11 Lexington Drive<br>Pistcataway NJ 08854 | Benjamin Adler<br>11 Lexington Drive<br>Pistcataway NJ 08854 | Professional fees | | $4,461.42 |
| NY Aquarium Service, Inc.<br>522 West 37th St.<br>New York, NY 10018 | NY Aquarium Service, Inc.<br>522 West 37th St.<br>New York, NY 10018 | Trade debt | | $3,742.10 |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned authorized officer of International Foreign Exchange Concepts, L.P., on behalf of the Debtor, declares under penalty of perjury that I have read the foregoing List of Creditors Holding the 20 Largest Unsecured Claims and that the list is true and correct to best of my information and belief.

Dated: October 17, 2013

By: Robert Savage
Title: Chief Strategist & Chief Operating Officer

{01725719; 2; 3440-2 }

Henry P. Baer, Jr.
Tony Miodonka
**FINN DIXON & HERLING LLP**
177 Broad Street
Stamford, Connecticut 06901
Telephone: (203) 325-5000
Facsimile: (203) 325-5001
*Proposed Counsel to Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL FOREIGN EXCHANGE CONCEPTS, L.P.,<br><br>Debtor. | Chapter 11<br><br>Case No. 13-_____ (___) |

## CERTIFICATE OF RESOLUTIONS

I, Robert Savage, solely in my capacity as Chief Operating Officer of International Foreign Exchange Concepts, L.P., a New York limited partnership (the "**Partnership**"), hereby certify that I am the duly qualified and elected Chief Operating Officer of the Partnership and, as such, am familiar with the facts herein certified, that I am duly authorized to certify, that the following resolutions were duly adopted at a special meeting of the General Partner (as defined below) held on October 15, 2013 in accordance with the requirements of the provisions of the New York Revised Limited Partnership Act and the Partnership's Second Amended and Restated Limited Partnership Agreement dated as of June 7, 2010, that the resolutions set forth below constitute a true and complete copy of such resolutions, that such resolutions have not been amended, altered, annulled, rescinded or revoked, are in full force and effect as of the date hereof and that there exist no other subsequent resolutions of the General Partner relating to the matters set forth in the resolutions set forth below:

### I.    VOLUNTARY PETITION

WHEREAS, International Foreign Exchange Concepts. Holdings, Inc., a Delaware corporation, which is the sole General Partner (the "**General Partner**") of the Partnership, has reviewed and considered the financial and operational condition of the Partnership and the Partnership's business on the date hereof, including the historical performance of the Partnership, the assets of the Partnership, the current and long-term liabilities of the Partnership, the market for the Partnership's products and services and credit market conditions; and

WHEREAS, the General Partner has received, reviewed and considered the recommendations of the Partnership's legal, financial and other advisors as to the relative risks

and benefits of pursuing a bankruptcy proceeding under the provisions of Title 11 of the United States Code.

    NOW, THEREFORE, BE IT:

    RESOLVED, that, in the judgment of the General Partner, it is desirable and in the best interests of the Partner, its creditors, partners and other interested parties, that a voluntary petition (the "**Petition**") be filed by the Partnership under the provisions of Chapter 11 of Title 11 of the United States Code; and it is further

    RESOLVED, that the General Partner be, and it hereby is, authorized to execute and file on behalf of the Partnership all petitions, schedules, lists and other papers or documents, and to take any and all action which they deem reasonable, advisable, expedient, convenient, necessary or proper to obtain such relief; and it is further

    RESOLVED, that the General Partner, Robert Savage, in his capacity as the Chief Operating Officer of the General Partner, and any officer of the General Partner designated by Savage (collectively, the "**Designated Persons**"), be and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of the Partnership (i) to execute and verify the Petition as well as all other ancillary documents and to cause the Petition to be filed with the United States Bankruptcy Court for the Southern District of New York commencing a case (the "**Bankruptcy Case**") and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents, and (ii) to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and it is further

    RESOLVED, that the law firm of Finn Dixon & Herling LLP ("**FDH**") be, and hereby is, authorized and empowered to represent the Partnership as its general bankruptcy counsel to represent and assist the Partnership in carrying out its duties under Title 11 of the United States Code, and to take any and all actions to advance the Partnership's rights, including, without limitation, the preparation of pleadings and filings in the Bankruptcy Case, and, that in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of the Partnership to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of FDH; and it is further

    RESOLVED, that the law firm of Withers Bergman LLP ("**WB**") be, and hereby is, engaged as special counsel to the Partnership to provide tax, corporate and finance legal services to the Partnership in the Bankruptcy Case, and that in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of the Partnership to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of WB; and it is further

RESOLVED, that CDG GROUP ("**CDG**") be, and hereby is, authorized and empowered to provide restructuring and management advisory services to the Partnership and to represent and assist the Partnership in carrying out its duties under Title 11 of the United States Code, and that in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of the Partnership to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of CDG; and it is further

RESOLVED, that Logan & Company, Inc. ("**Logan**") be, and hereby is, authorized and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Bankruptcy Case, and that in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of the Partnership to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Logan; and it is further

RESOLVED, that the General Partner and the other Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of the Partnership to employ any other individual and/or firm as professionals, consultants and/or financial advisors to the Partnership as are deemed necessary to represent and assist the Partnership in carrying out its duties under Title 11 of the United States Code, and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of the Partnership to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of such firms.

## II.    DEBTOR-IN-POSSESSION PROMISSORY NOTE

WHEREAS, it is proposed that the General Partner and/or the Partnership execute and deliver a Debtor-In-Possession Term Loan Promissory Note (the "**DIP Note**") in favor of AMF-FXC Finance, LLC, a Delaware limited liability company ("**AMF**"); and

WHEREAS, the Partnership will derive substantial direct benefits from the extension of credit by AMF under the DIP Note; and

WHEREAS, in the judgment of the General Partner, it is desirable and in the best interests of the Partnership, its creditors, partners and other interested parties, that the Partnership (i) execute and deliver the DIP Note and/or (ii) enter into any and all documents, agreements, notes, instruments, certificates and notices in connection with the DIP Note as are advisable or required in accordance with the DIP Note (together with the DIP Note, the "**Loan Documents**") and exercise all its rights, and perform all its obligations as shall be set forth therein.

NOW, THEREFORE, BE IT:

RESOLVED, that it is in the best interests of the Partner, its creditors, partners and other interested parties, and necessary to carry out the business and affairs of the Partnership, for the

3

Partnership to execute and deliver each of the Loan Documents to the extent necessary in connection with the transactions contemplated thereby and to perform all obligations thereunder; and it is further

RESOLVED, that the incurrence of the indebtedness to be evidenced by the DIP Note and the other Loan Documents be, and hereby is, authorized and approved in all respects and that the General Partner is hereby authorized and empowered to use the proceeds from the Term Loans (as defined in the DIP Note) in the manner contemplated by and described in the DIP Note and as it may otherwise determine to be appropriate; and it is further

RESOLVED, that, as collateral security for its obligations arising under, out of or in connection with the DIP Note and/or the other Loan Documents, the Partnership be, and it hereby is, authorized to (i) grant to AMF a security interest in the DIP Collateral (as defined in the DIP Note), whether now owned or existing or hereafter acquired pursuant to the terms and conditions set forth in the DIP Note and the other Loan Documents, and (ii) execute and deliver to AMF any UCC financing statements, instruments and other documents required or desirable in relation to the transactions contemplated by the DIP Note or any other related document, including, without limitation, the Collateral Documents (as defined in the DIP Note); and it is further

RESOLVED, that the DIP Note and the other Loan Documents to be executed and delivered by the Partnership are in all respects hereby approved, and the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of the Partnership, to execute, deliver and perform the Loan Documents to which the Partnership is a party containing such terms as approved by the Designated Person executing the same, and such changes or amendments to the Loan Documents as any Designated Person shall, in such Designated Person's discretion, determine to be necessary or desirable, with all such approvals to be conclusively evidenced by the execution thereof by the Designated Person, and to perform all of the agreements and obligations of the Partnership under the Loan Documents and to consummate the transactions contemplated thereby, and that such Designated Persons be, and each of them individually hereby is, authorized to execute, deliver and perform such other agreements, documents, instruments, notes, certificates and notices, and to take such other actions as the Designated Person executing the same shall deem necessary or appropriate in connection with the DIP Note; and it is further

### III.   GENERAL AUTHORIZATIONS

RESOLVED, that the Designated Persons be, and each of them acting alone or in any combination is, hereby authorized and empowered from time to time in the name and on behalf of the Partnership, to (i) take such further actions and execute and deliver or cause to be executed and delivered, where necessary or appropriate, file (or cause to be filed) with the appropriate governmental authorities all such other certificates, instruments, guaranties, notices and documents as may be required or as such Designated Person may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (ii) perform the obligations of the Partnership under Title 11 of the United States Code and the Loan Documents, with all such actions to be performed in such manner, and all such certificates,

{01726897; 1; 3440-2 }    4
document number: NH31133/0001-US-2215749/2

instruments, guaranties, notices and documents to be executed and delivered in such form, as the Designated Person performing or executing the same shall approve, and the performance or execution thereof by such Designated Person shall be conclusive evidence of the approval thereof by such officer and by the Partnership; and it is further

RESOLVED, that the Designated Persons be, and each of them acting alone is, hereby authorized and empowered from time to time in the name and on behalf of the Partnership, to adopt resolutions and otherwise exercise the rights and powers of the Partnership as such Designated Person may deem necessary, appropriate or desirable; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of each such subsidiary of the Partnership; and it is further

RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified; and it is further

RESOLVED, that all acts and deeds heretofore done and any action taken by the General Partner or any officer or director thereof, or any agent of the General Partner or the Partnership, for or on behalf of the Partnership, in carrying out the terms and intentions of the foregoing resolutions or otherwise within the terms of the foregoing resolutions be, and they hereby are, ratified, approved and confirmed in all respects as the acts and deeds of the Partnership.

*[remainder of page intentionally left blank; signature page follows]*

Pg 14 of 14

[SIGNATURE PAGE TO CERTIFICATE OF RESOLUTIONS OF
INTERNATIONAL FOREIGN EXCHANGE CONCEPTS, L.P.]

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Resolutions as of this day of October 17, 2013.

_____
Name: Robert Savage
Title: Chief Operating Officer

document number: NH31133/0001-US-2215749/2